UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRUCE PETTIFORD,

      PETITIONER,

v.

GEORGE VINCENT, *et al.*,

      RESPONDENTS.

CIVIL ACTION

No. 07-264

**MEMORANDUM & ORDER**

Before the court is petitioner's federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254.

On April 6, 1992, following a trial in the Philadelphia Court of Common Pleas, a jury found petitioner guilty of rape and corrupting a minor. The trial court sentenced him on April 29, 1993. Petitioner appealed the judgment to the Pennsylvania Superior Court on May 17, 1993, and the appellate court dismissed his appeal on March 8, 1994. After the dismissal, rather than taking a direct appeal to the Pennsylvania Supreme Court, petitioner filed for post-conviction relief under the Pennsylvania Post Conviction Relief Act in the Court of Common Pleas on January 23, 1997. That court dismissed petitioner's claim as untimely on March 14, 1997. Petitioner appealed that dismissal to the Pennsylvania Superior Court on April 14, 1997. On December 17, 2007, the Superior Court dismissed the case for petitioner's failure to file a brief. Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court on July 21, 1999, which

was denied on November 9, 1999.  Petitioner subsequently filed in the Pennsylvania Supreme Court petitions for mandamus, denied January 19, 2006, and for allowance of appeal nunc pro tunc, denied March 22, 2006.

On January 22, 2007, petitioner filed the instant federal habeas petition.  His petition asserts four grounds upon which habeas relief should be granted.  All four grounds relate to petitioner's allegation that the Pennsylvania governor suppressed exculpatory evidence in petitioner's case.  On November 27, 2007, United States Magistrate Judge Jacob P. Hart recommended that the petition be dismissed because it was untimely under 28 U.S.C. § 2244(d)(1) and was not subject to statutory or equitable tolling.

Many of petitioner objections to Judge Hart's recommendation relate to the merits of his petition, rather than addressing Judge Hart's conclusion that the petition was barred as untimely.  *See* Docket Nos. 18-19, 22-23, 25-27.  Although petitioner asserts that equitable tolling applies because the prosecution suppressed exculpatory evidence at trial, the court is unable to discern from his filings what evidence was supposedly suppressed, when petitioner became aware of the suppression, or how the alleged suppression hindered petitioner's ability to file his federal habeas petition within the statutory deadline such that, under the law of this circuit, equitable tolling applies.  *See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (describing circumstances under which equitable tolling applies).  Petitioner does not assert that respondents "actively misled" petitioner into filing his petition ten years past the statutory deadline; petitioner does not

describe with specificity any "extraordinary" circumstance that hindered him in timely filing his petition; and he did not file his habeas action in the wrong forum.  *See id.*

The court notes that petitioner frequently invokes the phrase "actual innocence" in his filings.  *See, e.g.*, Docket No. 25 at 3-4.  His filings might therefore be liberally read to include an assertion of actual innocence stemming from the prosecution's alleged withholding of exculpatory evidence.  As a general matter, proof of "actual innocence" may overcome procedural default.  The Third Circuit has yet to decide whether an actual innocence claim is sufficient to equitably toll the limitations period of § 2244(d).  *See McKeever v. Warden, SCI-Graterford*, 486 F.3d 81, 84 n.5 (3d Cir. 2007).  The majority of the courts of appeals to have addressed the question have found that, where a petitioner has put forth a credible claim of actual innocence, equitable tolling is appropriate under at least some circumstances.  *See Souter v. Jones*, 395 F.3d 577, 597, 602 (6th Cir. 2005) (reviewing case law, before determining that "equitable tolling of the statue of limitations based on a credible showing of actual innocence is appropriate").  However, a petitioner must make a credible showing of actual innocence before the equitable tolling exception applies.  *Id.* at 589.  Petitioner in this case has not done so, or even come close.  The court is unable to cull from petitioner's numerous filings the nature of the alleged exculpatory evidence petitioner claims was suppressed, nor how that suppressed evidence prejudiced him at trial.

Accordingly, the court will adopt Judge Hart's recommendation.

**AND NOW**, this 29th day of July, 2008, upon review of the Report and

Recommendation of Magistrate Judge Jacob P. Hart, it is hereby **ORDERED** that:

1. Petitioner's objections to the Magistrate Judge's report and recommendation are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED** without an evidentiary hearing.

4. A Certificate of Appealability is **NOT GRANTED**.

5. Petitioner's motion for a "judicial determination . . . whether the D.A. for the County of Philadelphia can speak for the Governor, in a manner that supersedes the legal authority of the Attorney General for the Commonwealth of Pennsylvania," *see* Docket No. 15, is **DENIED**.

6. Respondants' motion for leave to file a supplemental response, *see* Docket No. 24, is **DISMISSED** as **MOOT**.

/s/ Louis H. Pollak
_____
Pollak, J.