# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE PETTIFORD,<br><br>PETITIONER,<br><br>v.<br><br>DIANE VINCENT, *et al.*,<br><br>RESPONDENTS. | CIVIL ACTION<br><br>No. 07-264 |

## MEMORANDUM & ORDER

Before the court is petitioner's Rule 60(b)(3) Motion for Relief from Judgment. Dkt. 44. Petitioner filed a petition for habeas corpus on January 22, 2007. Dkt. 1. The case was subsequently referred to Magistrate Judge Jacob P. Hart for Report and Recommendation. Dkt. 7. Petitioner then filed a motion for the recusal of Judge Hart, alleging an extreme conflict because of Judge Hart's alleged marriage to Sarah Vanderbraak, who is, according to petitioner, the former Chief Counsel of the Pennsylvania Department of Corrections. Dkt. 8. Judge Hart denied the motion for recusal, stating that it was groundless because he had never been married to Ms.

Vanderbraak. Dkt. 10. On November 28, 2007, Judge Hart recommended that the petition for writ of habeas corpus be dismissed on the ground that the petition was untimely, dkt. 17, and this court later adopted that recommendation on July 30, 2008, dkt. 30.

In his Rule 60(b)(3) motion, petitioner again asserts that Judge Hart is married to Ms. Vanderbraak, and he accordingly requests relief from judgment based on what he calls a "fraud upon the court." The motion will be denied. First, the motion, which was filed on March 29, 2010, is untimely because it was filed more than a year after the entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). Second, even if construed liberally as a Rule 60(b)(6) motion—which permits relief for "any other reason that justifies relief," and which is not subject to a one-year deadline—the motion is denied for the reasons stated in Judge Hart's denial of petitioner's initial recusal motion (i.e., Judge Hart has never been married to Ms. Vanderbraak).

\* \* \* \* \*

AND NOW, this 24 day of March, 2011, **IT IS ORDERED** that petitioner's Motion for Relief from Judgment, *see* dkt. 44, is hereby **DENIED.** The Clerk of Court is directed to close this case statistically.

_____
Pollak, J.